UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF GRACELL BIOTECHNOLOGIES INC. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY | 24 Misc. 00191 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

Gracell Biotechnologies Inc. ("Gracell") has submitted an *ex parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery (the "Application") from Alpine Global Management LLC ("Alpine Global"). *See* ECF Nos. 2-4, 11. Gracell seeks leave to serve on Alpine Global a subpoena compelling the production of documents and deposition testimony for use in foreign litigation before the Grand Court of the Cayman Islands. For the reasons set forth below, the Application is GRANTED.

## DISCUSSION

"Section 1782 empowers a United States district court to order any person residing within its jurisdiction to provide discovery for use in a foreign proceeding pursuant to the application of an interested party." *507 Summit LLC v. Gen. Atl., L.P.*, No. 23 Misc. 427 (KHP), 2024 WL 81842, at *2 (S.D.N.Y. Jan. 8, 2024) (citing 28 U.S.C. § 1782(a)). "In ruling on a Section 1782 application, a district court first must determine whether three statutory requirements are met: (1) the person from whom discovery is sought must 'reside' or be 'found' in the district, (2) the discovery must be 'for use in a proceeding before a foreign tribunal,' and (3) the application must be 'made by a foreign or international tribunal or any interested person.'" *In re Application of Shervin Pishevar for an Ord. to take Discovery for Use in Foreign Proc. Pursuant to 28 U.S.C. § 1782*, 439 F. Supp. 3d 290, 300 (S.D.N.Y. 2020) (quoting *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243 (2d Cir. 2018)).

"After determining that the statutory requirements are met, the court then must exercise its discretion, considering four factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)." *Id.* The *Intel* factors are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

Gracell has satisfied each of the three statutory factors. First, "[Alpine Global] maintains its principal place of business within the District. Consequently, the Court finds that . . . Section 1782's 'resides or is found' requirement [is] satisfied as to [Alpine Global]." *In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 459 (S.D.N.Y. 2018) (citation omitted), *aff'd sub nom. In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019); *see* ECF No. 3 (Decl. of David M. Howard) ¶ 7, Ex. 5 (Alpine Global's Form 13F identifying "140 Broadway, . . . New York, NY 10005" as Alpine Global's principal place of business). Second, "[t]he evidence being sought through this section 1782 request is 'for use' in proceedings before the [Grand Court of the Cayman Islands], which qualifies as a 'proceeding in a foreign tribunal.'" *In re Hulley Enters., Ltd.*, 358 F. Supp. 3d 331, 342 (S.D.N.Y.) (alterations and citation omitted), *aff'd sub nom. In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62 (S.D.N.Y. 2019); *see, e.g.*, *507 Summit LLC*, 2024 WL 81842, at *3 (granting Section 1782 application for use in litigation in the Grand Court of the Cayman Islands). Third, "as the claimant in those proceedings, [Gracell] is an interested person within the meaning of Section 1782." *CJ CGV Co. v. Sony Music Publ'g (US) LLC*, 23 Misc. 450 (JPC) (S.D.N.Y. Nov. 24, 2023); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example

of, the 'interested persons' who may invoke § 1782." (alterations omitted)).

The Court finds that the discretionary *Intel* factors further weigh in favor of granting the Application. "[Alpine Global] is not a participant in the foreign proceeding; there is no indication that the [Grand Court of the Cayman Islands] would be unreceptive to discovery obtained through the Application; there is no indication that the Application is an attempt to circumvent proof-gathering restrictions under [Cayman] law; and the [deposition and document] discovery requests in [Gracell's] subpoena to [Alpine Global] do not appear to be unduly intrusive or burdensome." *In re Application of Moussy Salem*, 24 Misc. 5 (JPC) (S.D.N.Y. Jan. 23, 2024); *see, e.g.*, ECF No. 4 (Decl. of Malachi K. Sweetman) ¶¶ 16, 25-26, 28.

In sum, Gracell has satisfied Section 1782's statutory factors, and the *Intel* factors weigh in favor of granting Gracell's Application. If Alpine Global seeks to narrow the scope and number of the requested documents and/or deposition topics, it may do so through a meet-and-confer with Gracell's counsel.

## CONCLUSION

For the foregoing reasons, Gracell Biotechnologies Inc.'s Application is GRANTED. Gracell is hereby authorized to serve Alpine Global Management LLC with the subpoena annexed as Exhibit A to the Declaration of David M. Howard (ECF No. 3-1). Alpine Global is ordered, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, to (i) produce the documents responsive to the subpoena within 30 days of service of the subpoena, and (ii) designate a proper representative for deposition within 60 days of service of the subpoena.

SO ORDERED.

Dated: May 13, 2024
   New York, New York

_____
JENNIFER H. REARDEN
United States District Judge